NO. 07-06-0487-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2007
_____

TEXAS PARKS and WILDLIFE DEPARTMENT,

Appellant

v.

THE SAWYER TRUST,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 6358; HON. DAVID M. MCCOY, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction filed by the Texas Parks and Wildlife Department.  We affirm.

The Sawyer Trust (the Trust) sued the Department.  Among other things, the Trust sought relief against the Department for unlawfully taking its property in violation of both the United States and Texas Constitutions, for declaratory judgment regarding the purported navigability of a stream lying on Trust realty, and for temporary and permanent

injunctions prohibiting the Department from "interfering with its property rights." The State filed a plea to the jurisdiction of the trial court contending that sovereign immunity barred prosecution of the suit. The trial court disagreed and denied the motion.

The property in question lies within Donley County and the Salt Fork of the Red River runs through a portion of it. Furthermore, the Trust wishes to sell sand and gravel from the river's bed. Yet, the State of Texas, through the Department, has asserted that the river is navigable and, thus, owned by the State. At the heart of the dispute before us is the question of whether the river is indeed navigable. If it is, then its bed is property of the State.[1] If not, then it belongs to the Trust. According to the Department, this issue cannot be resolved by the courts of this state without prior approval of the Texas Legislature. Without such approval, according to the Department, the only way a court can address it is if the Trust attempted to take gravel from the river bed and the State was to decide to criminally prosecute the Trust for theft, trespass, or whatever other crime it thought appropriate.

Generally, a party can maintain a suit to determine its rights without legislative permission as long as damages are not sought. *Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 404 (Tex. 1997). Here, the Trust argues that the State is acting without legal or statutory authority in claiming title to the sand and gravel because the waterway is not navigable. So too does it seek declaratory relief to adjudicate whether the river is navigable and, if it is not, injunctive relief to prevent further interference with its

_____

[1]Lands underlying navigable waters are owned by the state. *State v. Bradford,* 121 Tex. 515, 50 S.W.2d 1065, 1069 (1932). A navigable stream is one which retains an average width of 30 feet from the mouth up regardless of whether it is actually navigable. TEX. NAT. RES. CODE ANN. §21.001(3) (Vernon 2001).

2

use of same. A declaratory judgment action seeking the determination of a disputed fact issue, to wit: whether the Salt Fork of the Red River is a navigable waterway as it passes through the Trust's property, is not a suit against the State that implicates sovereign immunity. Although it may have the collateral consequence of resolving a factual dispute that impacts a claim being made by the State, it is not an action that is in essence one for the recovery of money from the State or for determination of title; therefore, legislative permission to prosecute it is unnecessary. *See Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 712-13 (1945) (in which the court was asked to determine by declaratory judgment whether the parties were motor carriers as defined by the tax statute which the court found not to be a suit against the state). We voice no opinion on any other cause of action within the live pleading, however.

Accordingly, we cannot say that the trial court erred in denying the Department's plea. Additionally, the order denying that plea is affirmed.


Per Curiam

3