# IN THE SUPREME COURT OF TEXAS

════════════

No. 10-0524

════════════

ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., LLP D/B/A ST. DAVID'S
HOSPITAL AND ST. DAVID'S COMMUNITY HEALTH FOUNDATION, PETITIONERS,

v.

GENARO ESPARZA, JR.,RESPONDENT

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
════════════════════════════════════════════════════

**PER CURIAM**

In this case, we decide whether a patient's claim against a hospital for injuries suffered when he slipped and fell on a lubricating gel that fell to the floor of his hospital room during or immediately after a bladder scan is a health care liability claim. We hold that it is. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court with instructions to dismiss Esparza's claims and for further proceedings consistent with this opinion.

Genaro Esparza was admitted to St. David's Hospital for acute kidney failure and his doctor ordered bladder scans (ultrasounds of the bladder). On the day of the incident, the attending nurse allegedly used "copious amounts of lubricating gel" for the scan. After the nurse left, Esparza got up to use the bathroom in his hospital room and slipped on the gel that fell on the floor during or after the scan. He sued the hospital asserting negligence and premises liability. Esparza did not file

an expert report, and the hospital filed a motion to dismiss under section 74.351 of the Code. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b) (requiring expert report within 120 days of filing suit and mandating dismissal if no report is served). The trial court denied the hospital's motion and the court of appeals affirmed. ___ S.W.3d ___, ___. The court of appeals relied on our now-withdrawn opinion in *Marks v. St. Luke's Episcopal Hospital* in holding that Esparza's claims were not health care liability claims. No. 07-0783, 2009 WL 2667801 (Tex. Aug. 28, 2009), *withdrawn*, 319 S.W.3d 658 (Tex. 2010). The court also cited *Harris Methodist Fort Worth v. Ollie* for the same proposition. 270 S.W.3d 720, 726–27 (Tex. App.—Fort Worth 2008), *vacated*, ___ S.W.3d ___ (Tex. 2011) (per curiam).

In this Court, the hospital argues that the court of appeals erred by holding litigation over a dangerous condition caused by a health care provider—a nurse[1]—during the provision of health care—performance a bladder scan[2]—was not a health care liability claim. Esparza responds that the court of appeals correctly determined that his claims were based on premises liability because they were not directly related to or inseparable from the hospital's rendition of care. We disagree.

The Texas Medical Liability Act (TMLA) defines a health care liability claim as:

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A)(i) (defining a health care provider as a person or entity "duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including [] a registered nurse").

[2] *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(10 (defining health care as "any act or treatment performed or furnished, or that should have been performed or furnished . . . to or on behalf of a patient" during the patient's medical care, treatment, or confinement).

health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005).

Whether a claim falls within the scope of section 74.001(a)(13) is not determined from the form of the plaintiff's pleadings. *See Yamada v. Friend*, 335 S.W.3d 192, 196 (Tex. 2010). Rather, the underlying nature of the claim determines whether it is subject to the statutory requirements of the TMLA. *Id.*; *see also Ollie*, ___ S.W.3d at ___. Esparza's claim stemmed from the nurse's performance of the doctor-ordered scan and her failure to properly dispose of the gel used in the procedure. Moreover, both the prescribed procedure and its performance were directly related to Esparza's treatment, and thus an integral and inseparable part of his health care. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(10),(13); *Diversicare*, 185 S.W.3d at 854–55.

In its evaluation of the merits in this case, the trier of fact would need to be informed of hospital procedures on safely disposing of gloves covered with a slippery substance after a medical procedure. Accordingly, the underlying nature of Esparza's suit was a health care liability claim against the hospital for which an expert report would be required.

We hold that the alleged negligence in permitting the gel to fall and remain on the floor of Esparza's room, causing his fall, is inseparable from the procedures for the disposition of gloves in a hospital. Esparza's claims are properly classified as health care liability claims because they arose from a departure from accepted standards "that should have been performed or furnished" by St. David's during Esparza's "medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE

3

§ 74.001(a)(10),(13). The trial court should have dismissed Esparza's claim for failure to comply with the expert report requirements of the TMLA, and the court of appeals erred in holding otherwise. We grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court with instructions to dismiss Esparza's claims and for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 59.1, 60.2(d).

**OPINION DELIVERED:** August 26, 2011