# IN THE SUPREME COURT OF TEXAS

══════════
No. 10-0928
══════════

RAUL ERNESTO LOAISIGA, M.D., AND RAUL ERNESTO LOAISIGA, M.D., P.A.,
PETITIONERS,

v.

GUADALUPE CERDA, INDIVIDUALLY AND AS NEXT FRIEND OF MARISSA CERDA, A
MINOR, AND CINDY VELEZ, RESPONDENTS

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
══════════════════════════════════════════════

JUSTICE LEHRMANN, concurring and dissenting.

Whether a claim against a health care provider is a health care liability claim is a knotty issue

this Court has repeatedly struggled with. *See, e.g.*, *Tex. W. Oaks Hosp., LP v. Williams*, ___ S.W.3d

___, 2012 WL 2476807 (Tex. 2012); *St. David's Healthcare P'ship v. Esparza*, 348 S.W.3d 904

(Tex. 2011); *Omaha Healthcare Ctr., LLC v. Johnson*, 344 S.W.3d 392 (Tex. 2011); *Diversicare*

*Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005). Claims alleging that a physician's actions

in examining a patient amounted to an assault can be particularly confounding, for the reasons the

Court discusses: the physical examination of a patient necessarily involves touching, which may be

uncomfortable, unexpected, and misunderstood. I concur in the Court's judgment remanding this

case to allow the plaintiffs an opportunity to establish that their assault claims are not health care

liability claims. I write separately, however, because I believe the Court places too onerous a burden

on claimants by requiring them to conclusively establish that their claims are not health care liability claims. I would require a claimant to satisfy a standard comparable to a "clear and convincing" standard of proof. Under that standard, a trial court should require a claimant asserting claims against a health care provider arising in the context of the delivery of medical services to file an expert report unless the record justifies a firm conviction or belief that the claims presented are not health care liability claims.

Unquestionably, the Legislature intended to alleviate what it deemed a "health care liability crisis" when it enacted the Texas Medical Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 74.001–.507. Accordingly, I agree that claims arising in the context of the delivery of health care services are presumptively health care liability claims. But, as the Court recognizes, nothing in the Act signals an intent to shield physicians from liability for sexual assaults or similar intentional misconduct. I fear that the requirement the Court imposes, that a claimant conclusively establish that a claim is not a health care liability claim in order to rebut the Act's presumptive application, may force assault victims to submit expert reports or see their cases dismissed.

In describing the expert report requirement imposed by the Act's predecessor, we have noted on more than one occasion that claimants are not required to marshal their proof to comply with the statute. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). The policy underlying the expert report requirement in the current Act remains unchanged; not to shield health care providers from legitimate claims, but to weed out frivolous claims at an early stage, before the parties and the courts have expended extensive resources. *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011). It

2

makes sense not to place a heavy burden on claimants early in the process, in part, because the Act greatly restricts the discovery that is available before an expert report is filed. TEX. CIV. PRAC. & REM. CODE § 74.351(s). In my view, the Court's imposition of a requirement that claimants conclusively establish that their allegations do not amount to health care liability claims is inconsistent with those considerations.

In light of the Act's purposes and its broad application, I agree that claimants must to do more than establish that their claims are plausibly, or even likely, not health care liability claims. But I would not go so far as the Court. Instead, I would hold that plaintiffs whose claims arise in the medical context are not required to provide expert reports if the record justifies a firm belief or conviction that the claims are not health care liability claims. This is essentially the same as the burden of proof required to terminate parental rights. *See Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980). Surely a burden sufficient to protect parents' constitutional rights in raising their children should be sufficiently stringent to protect any interest medical providers might enjoy in having a cause of action alleging assault proceed as a health care liability claim. Accordingly, I respectfully concur in the Court's judgment but disagree with the standard the Court imposes.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** August 31, 2012

3