

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GENE TIPTON, | § | No. 08-12-00138-CV |
| Appellant, | § | Appeal from the |
| v. | § | 97th District Court |
| HALLIE BROCK, CAROLYN BROCK, | § | of Montague County, Texas |
| NIKI POWELL, WILLIAM THOMPSON AND JILIAN HENSON, AS HEIRS OF | § | |
| LINDA THOMPSON, MICHAEL | | (TC# 2009-0000007-M-CV) |
| BEAVER, MARISA REEVES, AND | § | |
| DINA ARTEBURY, | | |
| Appellees. | | |

## **O P I N I O N**

Appellant, Gene Tipton, appeals from a final judgment decreeing that Appellees, Kay Moore, Judy Birdwell, and Linda Coates, as heirs of Hallie Brock; William Thompson, and Jilian Henson, as heirs of Linda Thompson; Carolyn Brock, Niki Powell, Michael Beaver, Marisa Reeves, and Dina Artebury were entitled to a deed reformation. On appeal, Appellant raises four issues for our review. In Issue One, Appellant contends that Appellees' claim for reformation is barred by limitations and that Appellees failed to satisfy the discovery rule. In Issues Two and Three, he complains that the evidence does not support the jury's verdict and the trial court's judgment. In Issue Four, he argues that the trial court lacked jurisdiction to grant Appellees relief

without joinder of the subsequent third-party purchasers. For the reasons that follow, we reverse and render, based on Appellant's limitations defense.

## BACKGROUND

In August 1999, Appellant and his spouse, Carla Tipton,[1] entered into a Farm and Ranch Contract (the sales contract) to purchase a 519.54 acre tract of land in Montague County, Texas. Kay Moore, daughter of Appellee Hallie Brock, prepared the sales contract which provided that all mineral rights were to be retained by the sellers. The sales contract identified Cary J. Cross and L. Kip Schiller as the sellers' attorneys.

In October 1999, the parties executed a warranty deed, which was prepared by a local attorney at the title company's request. The title company sent the warranty deed to the sellers' attorneys for review. At trial, Kay Moore testified that she did not ask her attorney to review any deeds or contracts concerning the sale. Hallie Brock, one of the sellers of the property, testified that she did not know Mr. Schiller. She explained that Mr. Cross did not represent her and that he did not prepare or review the warranty deed on her behalf. Similarly, Appellee Carolyn Brock testified that she was not represented by an attorney in the real estate transaction. She testified that she went to Mr. Schiller's office to sign the sale contract as a matter of convenience. She further testified that she "may have" instructed Mr. Schiller to send a letter to the title company.

Robert Brock, another seller, testified that he read the warranty deed at closing.[2] According to Robert Brock, it was never his intention to reserve any of the mineral rights during the sale of the property. Appellee Niki Powell testified that she looked over the warranty deed that she had signed. However, none of the other Appellees who were parties to the sales contract

---

[1] Appellant and Carla later divorced, and, as part of the divorce, Appellant bought out Carla's interest in the property.
[2] Robert Brock is not a party to this appeal.

2

read the warranty deed when they signed it. At the time they signed the closing documents, it was Appellees' understanding that the documents they signed reserved their mineral rights in the property conveyed. However, the deed did not contain an express reservation of mineral rights by the grantors. Instead, the deed provided that: "LESS, SAVE AND EXCEPT all oil, gas and other minerals found in, under and that may be produced from the above described tract of land heretofore reserved by predecessors."

On January 25, 2000, a "Correction Deed" was filed which provided that all oil, gas, and other minerals associated with the property sold to Appellant was "reserved by Grantors herein." In May 2000, Hallie and Carolyn Brock leased their mineral interests to an oil company. In May 2001, Appellant obtained a mineral deed from Robert Brock conveying his share of the mineral rights in the property to Appellant. In 2005 and 2006, Appellant entered into a series of transactions conveying portions of his property to third-party purchasers. Hallie and Carolyn Brock entered into a second mineral lease in 2003.

In July 2008, Appellant filed an Affidavit of Forgery with respect to the January 2000 correction deed that had been modified to reflect that all the mineral estate was reserved by the grantors therein.[3] In January 2009, Appellees sued Appellant for breach of contract and sought declaratory relief. Appellees later amended their petition to include a claim for reformation of the 1999 warranty deed based on mutual mistake.[4] Appellant responded to the suit with a general denial and asserted in part, that Appellees' claims were barred by limitations and that the discovery rule was inapplicable.

---

[3] On appeal, the parties agree that neither party initialed or signed the corrected deed and that the corrected deed was a forgery.

[4] Hallie Brock testified that she sued Appellant because she failed to receive a check from the oil company and because she had learned that Appellant was trying to take away her mineral rights.

The case was tried to a jury, which found in favor of Appellees. Appellant moved for judgment notwithstanding the verdict and conditionally moved for a new trial. After considering the jury's verdict, the parties' post-verdict pleadings, and the evidence submitted in the case, the trial court entered final judgment on the jury's verdict ordering that the original warranty deed be reformed to reflect a reservation of all mineral rights in favor of Appellees. This appeal followed.

## DISCUSSION

### Statute of Limitations and Application of the Discovery Rule

In Issue One, Appellant complains that Appellees' claim for reformation was barred by the applicable statute of limitations. As the parties acknowledge, a cause of action for reformation of a deed based on mutual mistake is subject to the residual four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008) (stating that every action for which there is no express limitations period must be brought no later than four years after the day the cause of action accrues); *Dickens v. Harvey*, 868 S.W.2d 436, 440 (Tex.App. – Waco 1994, no writ); *Lathem v. Richey*, 772 S.W.2d 249, 253 (Tex.App. – Dallas 1989, writ denied).

In general, the statute of limitations begins to run when a particular cause of action accrues. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Jones v. Thompson*, 338 S.W.3d 573, 580 (Tex.App. – El Paso 2010, pet. denied). A cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). Normally, when a cause of action accrues is a question of law. *Id.*

Ordinarily, a grantor is charged with knowledge of all defects in a deed, although the presumption of immediate knowledge is rebuttable under certain circumstances. *Dickens*, 868

4

S.W.3d at 440. The statute of limitations with regard to a reformation claim begins to run on the date the deed is executed. *See id.*; *Lathem*, 772 S.W.2d at 253. However, the Supreme Court of Texas recognizes two exceptions, the discovery rule and the doctrine of fraudulent concealment, which may extend the statute of limitations. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927, 929-30 (Tex. 2011); *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 65, 67 (Tex. 2011).

"The discovery rule is a limited exception to the general principle that a statute of limitations begins to run when an injury occurs, regardless of when the plaintiff learns of the injury." *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 641 (Tex.App. – Dallas 2013, no pet.). The discovery rule defers accrual of a cause of action until the claimant knows or, by exercising reasonable due diligence, should know of the facts giving rise to the claim. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). The discovery rule applies when the injury is both inherently undiscoverable and objectively verifiable. *Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004). A party asserting the discovery rule at trial to avoid the statute of limitations bar must prove all elements of the rule. *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 191 n.15 (Tex.App. – Texarkana 2011, no pet.).

An injury is inherently undiscoverable if it is the type of injury that is not generally discoverable by the exercise of reasonable diligence. *Marshall*, 342 S.W.3d at 66; *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). "The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances where 'it is difficult for the injured party to learn of the negligent act or omission.'" *Computer Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (quoting *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988)). The court decides whether the nature of a

plaintiff's injury is "inherently undiscoverable," on a categorical basis rather than a case-specific basis. *Baleares Link Express, S.L. v. GE Engine Servs.–Dallas, LP*, 335 S.W.3d 833, 837 (Tex.App. – Dallas 2011, no pet.). The court's focus is on whether a type of injury rather than a particular injury, is unlikely to be discovered within the prescribed limitations period despite due diligence. *Id*.

Appellant argues that Appellees failed to meet the two requirements of the discovery rule. He asserts that the sales contract clearly states that the seller is to retain all mineral rights, that it is equally apparent that the 1999 deed does not contain any language reserving Appellees' mineral rights, that Appellees' individual and collective testimony is that none of them read the 1999 deed before they executed the deed, and that whoever prepared the 2000 correction deed understood that the 1999 deed language did not reserve any of Appellees' mineral rights. As such, Appellant contends that the 1999 deed is not ambiguous on its face and that Appellees' failure to reserve any minerals was not inherently undiscoverable as a matter of law. According to Appellant, Appellees' failure to read their deed is not excused because the omission of the mineral reservation was objectively verifiable. Therefore, Appellant urges that "[t]here can be no conclusion other than the appellees' claimed legal injury was objectively verifiable and not inherently undiscoverable on October 28, 1999."

In response, Appellees assert that Appellant's limitations arguments fail because: (1) Appellant failed to object to jury question number seven which pertained to the discovery rule and thus, he waived any complaint on appeal; (2) jury question number seven conforms to case law in reformation cases; (3) legally sufficient evidence supported the jury's answer to question number seven; and (4) the jury's answer to question number eight which pertained to Appellees' claim for

6

fraudulent concealment was supported by the evidence and is not attacked by Appellant on appeal. As to Appellees' first contention that Appellant waived his discovery rule complaint because he failed to object to jury question number seven,[5] Appellant responds that he was not obligated to lodge an objection or request an instruction on the legal issues of "inherently undiscoverable" and "objectively verifiable." We agree. Although the jury could determine when Appellees discovered or should have discovered the cause of their injury and whether they used due diligence in discovering the cause of their injury, the jury could not resolve the question of whether the discovery rule applied in the instant case. *See Childs v. Haussecker*, 974 S.W.2d 31, 47 (Tex. 1998) (the date a plaintiff knew or should have known of an injury, for purposes of determining the accrual date of a cause of action and whether due diligence was exercised are questions of fact for the jury); *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) (noting that determination of the applicability of the discovery rule is a legal question); *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990) (same); *Baleares Link Express, S.L.*, 335 S.W.3d at 837 (same). Appellant preserved his complaint in his motion for judgment notwithstanding the verdict. *See United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex.App. – Houston [14th Dist.] 2000, pet. denied) (two ways to preserve error for a no evidence or a matter of law point of error is through motion for judgment notwithstanding the verdict or a motion for new trial).

Alternatively, Appellees argue that jury question number seven was properly submitted to the jury because *Lesley v. Veterans Land Board*, 352 S.W.3d 479, 484-86 (Tex. 2011), "reaffirms the application of the knew or should have known discovery rule standard in reformation cases." However, Appellees also recognize that in *HECI* the supreme court held that the applicability of

---

[5] Jury question number seven asked: "By what date did Plaintiffs either know or, in the exercise of reasonable diligence, should have discovered the Original Warranty Deed did not reserve the mineral interests to Plaintiffs?" The jury answered "7-8-08" to this question.

the discovery rule is determined categorically and has instructed all courts to make a threshold determination as to the applicability of the discovery rule. Moreover, we note that *Lesley* did not directly address the applicability of the discovery rule. In *Lesley*, the plaintiffs sought a reformation of deeds based on mutual mistake. *Id*. at 485. Specifically, they alleged that deeds did not accurately reflect the amount of mineral interest that they intended to reserve. *See Veterans Land Bd. v. Lesley*, 281 S.W.3d 602, 623 (Tex.App. – Eastland 2009), *aff'd in part, rev'd in part on other grounds*, 352 S.W.3d 479 (Tex. 2011). After the trial court determined that mineral reservation clauses in the deeds were ambiguous and granted the plaintiffs' summary judgment motion on their reformation claim, the court of appeals reversed the trial court concluding that reformation claim was barred by the four-year statute of limitations. *Id*. at 623. On review, the supreme court reversed and remanded plaintiffs' reformation claim because it found that the disputed language contained in the deed was not plain on its face, and as such fact issues precluded summary judgment where it could not be said that, as a matter of law, the grantor knew or should have known of the mistake contained in the deed at execution. *Lesley*, 352 S.W.3d at 485-86.

Lesley is distinguishable from the case before us. In *Lesley*, unlike the present case, the language in the mineral reservation clause of the deeds was found to raise material issues of fact. *Id*. In this case, the language of the alleged mistake in the deed executed and delivered by Appellees was plain and unambiguous as to charge them with the legal effect of their words. *See Lathem v. Richey*, 772 S.W.2d 249, 253 (Tex.App. – Dallas 1989, writ denied). Therefore, *Lesley* does not apply here.

Next, Appellees contend that the evidence supports the jury's finding that Appellees did

not discover the mistake in the 1999 warranty deed for more than nine years before filing suit. However, before we address this argument, we must first determine whether the discovery rule applies to Appellees' reformation claim. To apply, the discovery rule requires that "the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred but may be objectively verified." *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996).

Here, Appellees' claim for reformation of a deed based on mutual mistake was filed in 2009, more than nine years after the deed Appellees sought to have reformed was executed and delivered. Appellees' cause of action is time-barred if it accrued when the 1999 deed was executed and delivered, unless an exception applies to defer the applicable statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008).

In *HECI*, the Texas Supreme Court determined whether the discovery rule applied to a royalty interest owner's claims for breach of contract and misrepresentation due to the lessee's failure to notify him that an adjoining operator had injured the common oil and gas reservoir. *HECI*, 982 S.W.2d at 886-88. The court held that because mineral interest owners have some obligation to protect their interests by exercising due diligence, the royalty owner's injury was not inherently undiscoverable and thus, the discovery rule did not apply to his claims. *Id.* Similarly, in *Wagner & Brown, Ltd.*, the supreme court held that the discovery rule categorically did not apply to defer the accrual date of royalty owners' claims for underpayment of royalties. *Wagner & Brown, Ltd.*, 58 S.W.3d at 737. The court reasoned that the injury was not inherently undiscoverable because royalty owners could discovery such injuries in a timely manner by exercising due diligence. *Id.* at 736-37. The court noted that although information about the injury may not have been found by searching public records, several other sources of information

9

were available to the plaintiff. *Id.*

The record reflects that Appellees failed to read the 1999 deed at closing and they believed they had retained the mineral rights to the property being conveyed to Appellant. However, a cursory review of the reservation language in the 1999 deed would have revealed that there was no express language reserving any mineral rights on behalf of the grantors. Indeed, although Appellee Carolyn Brock testified at trial that she did not know "the meaning of the word that was incorrect in the first deed," when she was asked what the word "predecessors" meant, she responded, "I would think predecessors meant preceding." As grantors of the original warranty deed, Appellees had some obligation to exercise reasonable diligence in protecting their interests. *See Wagner & Brown, Ltd.*, 58 S.W.3d at 737; *HECI*, 982 S.W.2d at 886-88. A warranty deed which clearly describes a reservation of mineral rights in contravention of the grantor's intent is not the type of inherently undiscoverable injury contemplated by the discovery rule. *See Altai, Inc.*, 918 S.W.2d at 456 (citing to examples of inherently undiscoverable injuries). Because the omission of the reservation of the mineral rights in the 1999 warranty deed would not have been difficult for Appellees to discover with the exercise of reasonable diligence, which Appellees failed to exercise, we conclude that Appellees' injury was not inherently undiscoverable, and therefore, the discovery rule does not apply to extend the statute of limitations. *See Marshall*, 342 S.W.3d at 65-67 (discovery rule did not delay accrual of appellees' cause of action against appellant for fraud where injury was not inherently undiscoverable and could have been discovered with due diligence); *Dupnik v. Hermis*, No. 04-12-00417-CV, 2013 WL 979199 at *2, 4 (Tex.App. – San Antonio March 13, 2013, pet. denied) (in a trespass to try title suit brought over thirteen years after deed was signed, discovery rule inapplicable to extend limitations because

10

defect in deed was not inherently undiscoverable and due diligence was not exercised). Because we conclude that the injury to Appellees was not inherently undiscoverable, we need not consider whether it is objectively verifiable. *Wagner & Brown, Ltd.*, 58 S.W.3d at 737. Accordingly, we need not address Appellees' contention that the evidence supports the jury's finding that Appellees did not discover the mistake in the 1999 warranty deed for more than nine years before filing suit. *See* TEX. R. APP. P. 47.1.

Finally, Appellees argue that jury question number eight which pertained to the doctrine of fraudulent concealment affords an independent basis for overruling Appellant's limitations issue. In response, Appellant argues that the doctrine was never submitted to the jury and was therefore waived. Fraudulent concealment estops a defendant from asserting that a plaintiff's claim is barred by the statute of limitations. *Malone v. Sewell*, 168 S.W.3d 243, 251 (Tex.App. – Fort Worth 2005, pet. denied). The doctrine of fraudulent concealment tolls limitations "because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V.*, 933 S.W.2d at 6. Fraudulent concealment tolls limitations only until the plaintiff discovers the fraud or could have discovered the fraud with reasonable diligence. *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).

The elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *Malone*, 168 S.W.3d at 251. Appellees had the burden to plead and secure a finding of fraudulent concealment. *See Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 541 (Tex.App. – San Antonio 1999, pet. denied). Jury question number eight asked the jury:

11

On what date did [Appellees] learn of facts or circumstances that would cause a reasonable person either to be aware of the existence of the deceitful conduct, if any, of [Appellant] or would cause a reasonable person to make inquiry that would lead to the discovery of such deceitful conduct, if any?

Fraudulent concealment ends when a party learns of facts or circumstances that would cause a reasonable person either to be aware of the existence of a cause of action or would cause a reasonable person to make inquiry that would lead to the discovery of the cause of action if pursued.

Fraudulent concealment ends when a party learns of, or should have discovered, the deceitful conduct or the facts giving rise to the party's cause of action.

It is clear that jury question number eight failed to instruct the jury on the elements of the doctrine of fraudulent concealment. To establish fraudulent concealment, the submission was required to address the elements of actual knowledge by Appellant that a wrong had occurred and that Appellant had a fixed purpose to conceal facts the plaintiff needed to discover that they had a cause of action. *See Vial v. Gas Solutions Ltd.*, 187 S.W.3d 220, 230-31 (Tex.App. – Texarkana 2006, no pet.). Furthermore, Appellees' issue of fraudulent concealment omits the critical element of reasonable reliance on the deception. *See American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997) (plaintiff must show it reasonably relied on defendant's misrepresentation or silence to its detriment). Based on the language of jury question number eight, it is clear that Appellees did not obtain the necessary jury findings to overcome the application of the statute of limitations based on fraudulent concealment. Even though Appellees obtained a jury finding as to the date Appellees learned of facts or circumstances that would cause a reasonable person to be aware of the existence of deceitful conduct, if any or to make an inquiry that would lead to such a discovery, there was no jury finding as to whether Appellant engaged in fraudulent concealment. Accordingly, we are unable to conclude that the doctrine of fraudulent concealment applies to avoid the statute of

limitations on Appellees' claim for reformation. *See Quigley v. Bennett*, 256 S.W.3d 356, 362 (Tex.App. – San Antonio 2008, no pet.) (holding that fraudulent concealment doctrine did not apply to avoid limitations on quantum meruit claim because appellee secured finding that appellant engaged in fraudulent concealment, but failed to secure jury finding as to date on which sufficient knowledge would have required reasonable person to make inquiry that would lead to discovery of concealed cause of action).

Accordingly, having concluded that neither the discovery rule nor the doctrine of fraudulent concealment apply to extend the accrual date of Appellees' reformation claim, Appellees' claim was barred by the statute of limitations. *See Lathem*, 772 S.W.2d at 254-55 (holding that reformation claim barred by limitations where grantor had ample time to learn that deed did not contain mineral reservation). Issue One is sustained.

Because of our disposition of Appellant's first issue, we need not consider his remaining issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having sustained Appellant's first issue, we reverse the trial court's judgment and render judgment for Appellant.


GUADALUPE RIVERA, Justice

March 21, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.


13