FILED
14-0594
8/6/2015 4:00:59 PM
tex-6391963
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# NO. 14-0594

_____

## IN THE SUPREME COURT OF TEXAS

_____

Hallie Brock (Deceased), Carolyn Brock, Niki Powell,
Linda Thompson (Deceased), Michael Beaver, Marisa Reeves, Dina Artebury,
Kay Moore, Judy Birdwell, Linda Coats, William Thompson, Jilian Henson
*Petitioners*,

v.

Gene Tipton
*Respondent.*

_____

On Appeal from the Eighth District Court of Appeals
El Paso, Texas
Appellate Cause No. 08-12-00138-CV

_____

## RESPONDENT'S RESPONSE TO
## PETITIONERS' MOTION FOR REHEARING

_____

RICHARD H. KELSEY
State Bar No. 11244000
rkelsey@dentontexaslawyers.com
KELSEY, KELSEY & HICKEY
P.O. Box 918
Denton, Texas  76202-0918
Telephone:  940-387-9551
Metro:        940-243-2888
Facsimile:   940-387-9553

ATTORNEY FOR
RESPONDENT GENE TIPTON

# TABLE OF CONTENTS

Table of Contents.........................................................................................2

Index of Authorities ....................................................................................3

Respondent's Answer to Petitioners' Motion for Rehearing............................. 4-11

    Overview of Petitioners' Motion ...................................................................4, 5

    Specific Responses to Petitioners' Argument................................................. 5-9

        Item (A)(1), page 5 .......................................................................5, 6

        Item (B)(1), pages 9 and 10.........................................................7

        Item (B)(2), pages 10-13 ......................................................... 7-9

        Item (C), page 13 and 14 ...........................................................9

Conclusion .............................................................................................9, 10

Prayer ....................................................................................................10

Certificate of Service ...............................................................................11

Certificate of Compliance .........................................................................11

# INDEX OF AUTHORITIES

**Page**

CASES

*Cade vs. Cosgrove,*
    430 S.W.3d 488, (Tex. App.—Fort Worth 2014, pet. pending) ...............5, 10

*City of Fort Worth vs. Pippen*,
    439 S.W.2d 660, 664 (Tex. 1969) .................................................................7

*Computer Associates International, Inc. vs. Altai, Inc.*,
    918 S.W.2d 453 (Tex. 1994) .................................................. 4, 6, 10

*Lesley vs. Veterans Land Board of Texas*,
    352 S.W.3d 479, 485, 86 (Tex. 2011) ........................................................10

*Martinka vs. Commonwealth Land Title Insurance Company*,
    836 S.W.2d 773, 777 (Tex. App.—Houston [1st Dist.] 1992 writ denied) .....7

## RESPONDENT'S ANSWER TO PETITIONERS' MOTION FOR REHEARING

Gene Tipton, Respondent, answers Petitioners' arguments presented in their Motion for Rehearing as follows:

## I.

## Overview of Petitioners' Motion

The motion for rehearing concentrates on the bar of the statute of limitations against Petitioner's claim first made in 2009 for reformation of a 1999 deed. The issue in this case is not the *effect* of the statute of limitations but the application vel non of the discovery rule as articulated in *Altai*[1]. From the beginning of this case, Petitioners' arguments have failed to recognize the substantial change in the analysis and application of the discovery rule. *Altai* adds a gatekeeper predicate; only after satisfying the "inherently undiscoverable" standard of review may the question of who-knew-what-when be submitted to a jury. The legal issue is reviewed de novo under the *Altai* standard of due diligence as embedded in the inherently undiscoverable concept.

The Court of Appeals unanimously decided that the 1999 Deed was not ambiguous, the "mistake" was not inherently undiscoverable, and Petitioners failed to show due diligence as a matter of law.

---

[1] *Computer Associates International, Inc. vs. Altai*, 918 S.W.2d 455 (Tex. 1994, opinion withdrawn, reissued 1996)

The Supreme Court, in denying the petition for review, determined that Petitioners' lack of due diligence as found by the Court of Appeals was the correct application of the gatekeeper legal standard of review.

## II.

## Specific Responses to Petitioners' Argument

This response will follow the organizational format of petitioners' argument, starting with item (A)(1), page 5.

Petitioners speculate that the denial of their petition for review is completely dependent on the opinion in *Cosgrove*[2]. Petitioners seem to be filing a motion for rehearing addressed to *Cosgrove* rather than to this case. Contrary to Petitioners' motion, the *Cosgrove* case does not involve "…the application of the statutes of limitation in deed reformation cases." *Cosgrove* does clarify the application of the *discovery rule* to deed reformations. Petitioners do not argue against the ruling of the Supreme Court that the discovery rule *does* apply categorically to deed reformation cases.

Petitioners make an inconsistent argument in stating that the deed in this case is *not* a "so-plain-omission" issue. In the trial court, the Court of Appeals, and the Supreme Court, Petitioners have heretofore argued that the "mutual mistake" was plain and obvious because of the difference between the contract and the deed.

---

[2] *Cade vs. Cosgrove,* 430 S.W.3d 488, (Tex. App.—Fort Worth 2014, pet. pending)

The Petitioners have now completely changed their theory of the case by arguing that the reference in the 1999 Deed to "predecessors" somehow creates an ambiguity that triggers the deferral of the discovery rule. Petitioners did not ask for that ruling in the trial court and lost the ruling in the Court of Appeals. At this point in their motion, Petitioners reargue pre-*Altai* precedent to support their reasoning that even though none of them ever read the deed, they misunderstood the word "predecessors" to include a mineral reservation to *them*. The Court of Appeals correctly analyzed that argument as being defective. Petitioners' case is totally dependent upon their position as grantors that the deed (that they signed but never read), allegedly left them with a subjective understanding that the word "predecessors" reserved to minerals by them. They have morphed their argument into that position because the deed itself contained a reference to minerals outstanding in others *at the time the deed was signed and delivered*. This is a specious argument.

Petitioners' statement of the facts is not supported by the record. Specifically, the comment in the footnote at the bottom of page 8 erroneously assumes that Respondent knew there was a mistake in the deed at the time he accepted and paid for it. If that is true, the better question is, "Why didn't any of the Petitioners also realize there had been a mistake in the deed and do something about it within the four years allotted by law to correct an instrument?"

6

## Item (B)(1), pages 9 and 10

Petitioners struggle mightily to blame the title company for the forged deed. This ignores that the title company representative testified without equivocation that the title company did not prepare or have anything to do with the forged deed. Petitioners' reliance on *City of Fort Worth vs. Pippen*, 439 S.W.2d 660, 664 (Tex. 1969) advancing the proposition that a title company owes a general fiduciary duty to the parties to a transaction is simply incorrect. The holding of that case is that if a title company accepts funds from a buyer which are to be applied solely to pay for the purchase, the misappropriation by an employee of the title company creates respondeat superior liability on the title company. *Martnika vs. Commonwealth Land Title Insurance Company*, 836 S.W.2d 773, 777 (Tex. App.—Houston [1st Dist.] 1992 writ denied).

Petitioners next argue at this late date that the title company in this case breached a fiduciary relationship to the Petitioners by authoring a deed that Petitioners insist states the truth even though it was forged. There is no evidence in the record that Respondent had anything to do with the forged deed. Since the forged deed is contrary to his interests, why would he have prepared and filed a deed that removed minerals from his ownership and gave them to Petitioners?

## Item (B)(2), pages 10-13

Petitioners are desperate to explain why they should not be held responsible

for failure to read the deed they signed. Petitioners were not required to hire attorneys to review the deed. (Even though the record shows that a draft of the deed was sent to both attorneys). The argument that no one in a real estate transaction should have to hire an attorney to advise them reveals petitioners' failure to use due diligence even though being advised in the contract itself:

> 22. CONSULT YOUR ATTORNEY: Real estate licensees cannot give legal advice. This is intended to be a legally binding contract. READ IT CAREFULLY. If you do not understand the effect of this Contract, consult your attorney BEFORE signing.
> [Equally applicable to a deed!]

Immediately thereafter the Contract states, "Seller's Attorney is: Cary J. Cross/ L. KIp (sic) Schiller". Please note that the Sale Contract on page 2 does not even state a purchase price. See Plaintiffs' Exhibit 1. The simple answer to Petitioners' question of whether every party to a real estate transaction should, in the exercise of due diligence, hire a lawyer is unquestionably, "Yes". The reason for this response is that the failure to use an attorney to shepherd the transaction and insure conformity between the contract and the deed is an obvious lack of due diligence. There would be far less litigation over real estate matters if all parties to a real estate transaction engaged attorneys from the beginning through the end of the transaction. Those who fail to do so must suffer the consequences. This dispute could have been prevented had the Petitioners used the attorneys they designated in

8

the contract. Petitioners argue that their failure to use their designated attorneys excuses their failure to read the deed. This is patently an attempt to escape from their failed responsibility to exercise due diligence.

Item (C), page 13 and 14

This item presents Petitioners' final argument in a last attempt to support their motion.

The title company is not a party to this litigation. Petitioners do not claim that they have sued the attorney who prepared the "mistaken" deed. Any cause of action against the title company would have to be predicated on negligence. The preparation of a deed is the practice of law. The relationship between a title company and a fee attorney preparing the deed is not normally an agency. This is just another attempt by the Petitioners to deflect the obvious consequences of their failure to use due diligence and try to push off such obligation onto anyone other than themselves.

**III.**

**Conclusion**

The opinion of the Court of Appeals in this case was well written, well-reasoned, and well substantiated by the record and precedent. It answers the question of whether the petitioners failed to satisfy the gatekeeper role announced

9

in *Altai*. *Cosgrove* is informative on the law by reinforcing the "so plain" rule as recently stated in *Lesley*[3].

## **PRAYER**

Respondent asks the Court to deny Petitioners' Motion for Rehearing.

Respectfully submitted,

***KELSEY, KELSEY & HICKEY***

By: /s/
RICHARD H. KELSEY
State Bar No. 11244000
rkelsey@dentontexaslawyers.com
JOHN E. KELSEY
State Bar No. 00792620
jkelsey@dentontexaslawyers.com
**SCOTT W. HICKEY**
State Bar No. 00789371
shickey@dentontexaslawyers.com
P.O. Box 918
Denton, Texas  76202-0918
Telephone:   940-387-9551
Metro:         940-243-2888
Facsimile:    940-387-9553

ATTORNEYS FOR GENE TIPTON

---

[3] *Lesley vs. Veterans Land Board of Texas*, 352 S.W.3d 479, 485, 86 (Tex. 2011)

## CERTIFICATE OF FILING AND SERVICE

Pursuant to the Texas Rules of Appellate Procedure, the undersigned hereby certifies that on the 6th day of August, 2015, a true and correct copy of the foregoing is being filed with the Supreme Court of Texas and served via electronic service and/or facsimile as listed below:

Kathryn L. Shilling
kshilling@shillinglawgroup.com
400 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
(972) 638-8590 Facsimile
*Attorney for Petitioners*

/s/
RICHARD H. KELSEY

## CERTIFICATE OF COMPLAINCE WITH RULE 9.4

Pursuant to TEX. R. APP. P. 9.4(i)(3), I hereby certify that this above-styled document contains 1839 words (excluding the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, issues presented, statement of jurisdiction, signature, proof of service, certificate of compliance, and appendix). This is a computer-generated document created in Microsoft Word. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document, excluding the parts of the petition that are exempted by TEX. SUP. CT. R. 33.1(d).

/s/
RICHARD H. KELSEY

11