ACCEPTED
12-15-00177-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/22/2015 11:04:34 AM
Pam Estes
CLERK

NO. 12-15-00177-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/22/2015 11:04:34 AM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

WALTER BOUNDS and wife, CAROLYN BOUNDS,
Appellants and Cross-Appellees

v.

JOHN THOMAS PRUD'HOMME, JOSEPH GILBERT PRUD'HOMME,
JOSEPH LYNN PRUD'HOMME, PETER A. BREEN, Individually and as
Successor Trustee of the BREEN FAMILY TRUST, JANET M. SUTRO,
SUSAN E. BREEN, and TERRANCE E. BREEN, Individually and d/b/a
E.G. AND M.A. PRUD'HOMME BENEFICIARIES PARTNERSHIP,

Appellees and Cross-Appellants

BRIEF OF APPELLEES

Robert G. Hargrove
State Bar No. 24032391
rob@texasenergylaw.com
Osborn, Griffith & Hargrove
515 Congress Avenue, Suite 2450
Austin, Texas 78701
(512) 476-3529
(512) 476-8310 *Facsimile*

# IDENTITY OF PARTIES AND COUNSEL

<u>Defendants-Appellees/Cross Appellants:</u>

John Thomas Prud'homme
Joseph Gilbert Prud'homme
Joseph Lynn Prud'homme
Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust
Janet M. Sutro
Susan E. Breen
Terrence E. Breen
The E.G. and M.A. Prud'homme Beneficiaries Partnership

<u>Trial and Appellate Counsel for Appellees/Cross Appellants:</u>

Robert G. Hargrove
Osborn, Griffith & Hargrove
515 Congress Avenue, Suite 2450
Austin, Texas 78701

<u>Additional Trial Counsel for Appellees/Cross Appellants:</u>

J. Keith Stanley
Russell R. Smith
Fairchild, Price, Haley & Smith, LLC
P.O. Drawer 631668
Nacogdoches, Texas 75963

<u>Plaintiffs-Appellants/Cross Appellees:</u>

Walter Bounds and wife, Carolyn Bounds

<u>Trial and Appellate Counsel for Appellants/Cross Appellees:</u>

Thomas R. McLeroy, Jr.
P.O. Box 668
Center, Texas 75935

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL……………………………….........ii

INDEX OF AUTHORITIES……………………………………………..........v

STATEMENT OF THE CASE………………………………………….....ix

STATEMENT REGARDING ORAL ARGUMENT…………………….......x

RECORD…………………………..…………………………………….....x

BACKGROUND………………………………………………………….....1

SUMMARY OF ARGUMENT…………………………………………………2

ARGUMENT…………………………………………………………….....3

   I.   Response to Issue No. 1:  The Warranty Deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law.....3

       A.    Summary of Unambiguous Reservation Argument.....................3

       B.    Standard of Review for Unambiguous Reservation Argument ...4

       C.    Under Texas rules of construction, the deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law. ......................................................................................5

            1.    The deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law under the "four corners" rule. ................................................................5

            2.    The deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law because "magic words" are not required to effect a reservation. ................8

            3.    The deeds unambiguously reserved the mineral estate to the Prud'hommes under Texas rules regarding *subsidiary* canons of construction. ..........................................................10

       D.  The Bounds Appellants incorrectly apply the surrounding circumstances evidence and parol evidence rules.........................13

iii

II. Response to Issue No. 2: There was no "mutual mistake" as a matter of law. .......................................................................................16

    A.    Summary of Mutual Mistake Argument ....................................16

    B.    Standard of Review under Mutual Mistake Argument ..............16

    C.    Burden of Proof under Mutual Mistake Argument ....................17

    D.    The trial court correctly held that there was no mutual mistake as a matter of law. ....................................................................19

III. Response to Issue No. 3: The four-year statute of limitations bars the Bounds Appellants' claims as a matter of law. ...........................22

    A.    Summary of Statute of Limitations Argument ..........................22

    B.    The purpose of statutes of limitations requires that the Bounds Appellants cannot toll the four-year statue of limitations. .........23

    C.    Burden to prove statute of limitations argument. ......................24

    D.    The Bounds Appellants cannot toll the four-year statue of limitations as a matter of law. ..............................................24

        1.    What is the discovery rule? ..............................................24

        2.    The discovery rule does not apply to unambiguous deeds under Texas law. ............................................................25

        3.    Mr. Prud'homme's alleged silence is irrelevant to the discovery rule's application. ............................................29

IV. Even if the Bounds Appellants were right, which they are not, they request the wrong relief. ................................................................31

PRAYER…………………………………………………….....…….. 32

CERTIFICATE OF SERVICE…….………………………..….…34

CERTIFICATE OF COMPLIANCE…………………….……34

# INDEX OF AUTHORITIES

**Cases**

*Barfield v. V.C. Holland,*
    844 S.W.2d 759 (Tex.App.—Tyler 1993, writ denied)........................26, 29

*Boulanger ex rel. Westlum Trust v. Waste Mgmt. of Tex., Inc.,*
    403 S.W.3d 1 (Tex.App.–Houston  [1st  Dist.]  2012,  pet.  denied)
    ........................................................................................................4,12

*BP America Production Co. v. Marshall,*
    342 S.W.3d 59 (Tex. 2011) ...............................................................25,30

*Bright v. Johnson,*
    302 S.W.3d 483 (Tex. App.—Eastland 2009, no pet. h.)........................6,7

*Brown v. Havard,*
    593 S.W.2d 939 (Tex. 1980) ..............................................................27,28

*Cherokee Water Co. v. Freeman,*
    33 S.W.3d 349 (Tex.App.—Texarkana 2000, no pet.)............................11

*Coker v. Coker,*
    650 S.W.2d 391 (Tex. 1983); ..............................................................4,5

*Computer Associates International v. Altai,*
    918 S.W.2d 453 (Tex. 1994) ..................................................................25

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*
    918 S.W.2d 453 (Tex. 1996) ..................................................................23

*Concord Oil Co. v. Pennzoil Exploration and Prod. Co.,*
    966 S.W.2d 451 (Tex. 1998) ....................................................................8

*Cosgrove v. Cade,*
    ___ SW3d ___, No. 14-0346, 2015 WL 3976719 ....................2,3,12,25,27

*Day & Co. v. Texland Petroleum,*
    786 S.W. 2d 667 (Tex. 1990) ...................................................................7

*Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*,
  294 S.W.3d 164 (Tex. 2009) .................................................................4,5

*Elder v. Anadarko*, No. 12-10-00250, 2011 WL 2713817
  (Tex.App.—Tyler, no pet.) ..................................................3,4,5,11,12

*Estes v. Republic Nat. Bank of Dallas*,
  462 S.W.2d 273 (Tex. 1970) ..................................................................18

*Fisher v. Wynn*,
  No. 12-11-00008-CV, 2011 WL 3338771,
  (Tex.App.—Tyler 2011, no pet.) (mem. op.) ......................................10,14

*Friendswood Development Co. v. McDade & Co.*,
  926 S.W.2d 280 (Tex. 1996) ..................................................................14

*Glidden Co. v. CDNE, Inc.*,
  No. 12-09-00283-CV, 2011 WL 686286
  (Tex.App.—Tyler 2011, no pet.) (mem. op.) ......................................17,19

*GXG, Inc. v. Texacal Oil & Gas*,
  977 S.W.2d 403 (Tex.App.—Corpus Christi 1998, pet. denied)...............17

*Hardy v. Bennefield*,
  368 S.W.3d 643 (Tex.App.—Tyler 2012 no pet.) ...................................18

*Harris v. Windsor*,
  294 S.W.2d 798 (Tex. 1956) ....................................................................8

*HECI Exploration Co. v. Neal*,
  982 S.W.2d 881 (Tex. 1988) ..................................................................12

*Hooks v. Samson Lone Star, Ltd. Partnership*,
  No. 12-0920, 2015 WL 393380 (Tex., January 30, 2015)..................27, 30

*Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*,
  352 S.W.3d 462 (Tex. 2011) .............................................................13,14

*Johnson v. Conner*,
  260 S.W.3d 575 (Tex.App.—Tyler 2008, no pet.) ...................................19

*Johnson v. Driver,*
198 S.W.3d 359 (Tex.App.—Tyler 2006, no pet.) ...................................14

*Kachina Pipeline Co., Inc. v. Lillis,*
No 13-0596, 2015 WL 3653272 (Tex. June 12, 2015)..............................4

*Little v. Linder,*
651 S.W.2d 895 (Tex. App.—Tyler 1983, writ ref'd n.r.e.) ......................7

*Luckel v. White,*
819 S.W.2d 459 (Tex. 1991) ................................................................5,8

*Miles v. Martin,*
321 S.W.2d 62 (Tex. 1959) .....................................................................22

*Murray v. San Jacinto Agency, Inc.,*
800 S.W.2d 826 (Tex. 1990) ...................................................................23

*National Union Fire Ins. Co. of Pittsburgh, PA v. CBI Industries, Inc.,*
907 S.W.2d 517 (Tex. 1995) .............................................................4,5,14

*Nevil v. TFW Management, Inc.,*
No. 12-11-00023-CV, 2012 WL 220252,
(Tex.App.—Tyler 2012, no pet.) (mem. opinion) ......................................9

*Pounds v. Jurgens,*
296 S.W.3d 100, 107
(Tex. App.—Houston [14th Dist.] 2009, pet. denied) ................................7

*R & P Enterprises v. LaGuarta, Garvel & Kirk, Inc.,*
596 S.W.2d 517 (Tex. 1980) ...................................................................14

*S.V. v. R.V.,*
933 S.W.2d 1 (Tex. 1996) ........................................................................25

*Santa Fe Petroleum, L.L.C., v. Star Canyon Corp.,*
156 S.W.3d 630 (Tex.App.—Tyler 2004, no pet.)..............................17, 19

*Shell Oil Co. v. Ross,*

356 S.W.3d 924 (Tex. 2011) .....................................................................30

*Stowe v. Head,*
    728 S.W. 2d 120 (Tex.App.—Tyler 1987, no writ) .............................26,37

*Sullivan v. Barnett,*
    471 S.W.2d 39 (Tex. 1971) .................................................................27,28

*Sun Oil Co. v. Madeley,*
    626 S.W.2d 726 (Tex. 1981) .....................................................................13

*Temple-Eastex Inc. v. Addison Bank,*
    672 S.W.2d 793 (Tex. 1984) .....................................................................11

*Thalman v. Martin,*
    635 S.W.2d 411 (Tex. 1982) .....................................................................18

*Tipton v. Brock,*
    431 S.W.3d 673
    (Tex.App.—El Paso 2014, pet. denied June 26, 2015)............................26

*Trahan v. Mettlen,*
    428 S.W.3d 905 (Tex.App.—Texarkana 2014, no pet.)...........................26

*Victory Energy Corp., SmartGas, L.L.C. v. Oz Gas Corp.,*
    461 S.W.3d 159 (Tex.App.—El Paso 2014, pet. denied) .........................4

*Wagner & Brown, Ltd. v. Horwood,*
    58 S.W.3d 732 (Tex. 2001) .....................................................23, 25, 27

*Wessley Energy Corp. v. Jennings,*
    736 S.W.2d 624 (Tex. 1987) .....................................................................12

*Woods v. William M. Mercer, Inc.,*
    769 S.W.2d 515 (Tex. 1988) .....................................................................24

*Wylie v. Hide-A-Way Lake Club, Inc.,*
    No. 12-12-00290-CV, 2013 WL 6797871,
    (Tex.App.—Tyler 2013, pet. denied) (mem. op.)....................................23

# STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | This is a deed construction case. Defendants-Appellees/Cross-Appellants (the "Prud'hommes") sold roughly 126 acres of property in San Augustine County to Plaintiffs-Appellants/Cross Appellees (the "Bounds Plaintiffs") in 2001. Supp.CR209-222. The property was conveyed from the Prud'hommes to the Bounds Plaintiffs by way of six Warranty Deeds. *Id.* On October 8, 2013, the Bounds Plaintiffs filed their Original Petition in the trial court, asserting that the Warranty Deeds conveyed the mineral estate to the Bounds Plaintiffs, and asking, in the alternative, that they be reformed if the court found that the Warranty Deeds reserved the mineral estate to their grantors. Supp.CR5-65. The Prud'hommes answered, generally denying the Bounds Plaintiffs claims, and asserting that the statute of limitations barred the potential reformation claim. Supp.CR66-69. |
| *Trial Court:* | 1st District Court of San Augustine County, Texas; The Honorable Craig M. Mixson presiding. |
| *Course of Proceedings:* | The case was tried to the court on February 25, 2015, and a Judgment was entered on March 9, 2015. Supp.CR202-208. By its Judgment, the court found that one of the six deeds was unambiguous, that it reserved the mineral estate to its grantors, and that the Bounds Plaintiffs could not prevail on their attempt to reform the deed. *Id.* The Prud'hommes do not appeal those rulings.<br><br>The Judgment also found that the other five deeds were ambiguous and did not reserve the mineral estate to their grantors. *Id.* The Prud'hommes appeal those findings. Supp.CR225-226. Findings of Fact and Conclusions of Law were signed by the court on May 6, 2015. Supp.CR209-222 |

## STATEMENT REGARDING ORAL ARGUMENT

This is a fairly straightforward case involving the construction of deeds and the application of the statute of limitations. The Prud'hommes do not believe oral argument would significantly aid the decisional process, and so they do not request oral argument. However, if the Court decides that oral argument is appropriate, the Prud'hommes would request that they be permitted to participate.

## RECORD

The record in this appeal includes a Clerk's Record and a Supplemental Clerk's Record. Citations to each will be to page number: CR___ or Supp.CR___. The record in this appeal includes a two-volume Reporter's Record. Citations to it will be to volume and page number: ___RR___. The trial exhibits are found in Volume 2 of the Clerk's Record, and they will be cited as P.Ex.__ or D.Ex.__.

TO THE HONORABLE COURT OF APPEALS:

## BACKGROUND

This case, tried to the court, is a dispute over the construction of a series of warranty deeds executed in 2001 to consummate a real estate transaction in which the Prud'hommes sold approximately 126 acres of land in San Augustine County to the Bounds Plaintiffs.

The parties prepared and executed the deeds in two phases. A single initial deed was prepared and executed, which conveyed the majority of the interest in the property. Later, five additional deeds were prepared and executed, which conveyed the remainder of the interest in the property.

More than a decade after the transaction closed, the Bounds Plaintiffs asserted that the mineral estate should have been conveyed to them in the transactions and filed this lawsuit.

The court ruled in the Prud'hommes favor as to the initial deed, both that it unambiguously did reserve the minerals to the Prud'hommes, and that the Bounds Plaintiffs could not reform it. The Bounds Plaintiffs appealed that ruling, and this Appellees' Brief responds to that appeal.

The court also ruled that the five subsequent deeds were ambiguous, and the court construed them to convey the mineral estate to the Bounds

Plaintiffs. The Prud'hommes appealed those rulings. *Brief of Cross-Appellants*, filed September 24, 2015.

## SUMMARY OF ARGUMENT

The need for stability and certainty is critical in deed cases, especially in Texas, where significant mineral interests, as well as ongoing exploration and production of oil and gas, are at stake. The Bounds Appellants are attempting to blur the lines in an area of law that, according to a recent Supreme Court of Texas case, "requires bright lines and sharp corners." *Cosgrove v. Cade*, ___ SW3d ___, No. 14-0346, 2015 WL 3976719 at *5-*6 (Tex. June 26, 2015, rehearing denied). They are asking this Court to ignore an unambiguous mineral reservation in a deed, and, failing that, to reform the deed more than eight years after the statute of limitations expired.

At trial, the Bounds Appellants based a significant part of their closing argument on a Fort Worth Court of Appeals case that held plaintiffs may toll the statute of limitations to reform unambiguous deeds. 1RR163:21-25 – 1RR164:1-24. Since trial, the Supreme Court of Texas reversed the Fort Worth Court's judgment. *Cosgrove*, 2015 WL 3976719 at *1. The Supreme Court held that "A plainly evident omission on an unambiguous deed's face is not a type of injury for which the discovery rule is available . . . At execution, the grantor is charged with immediate knowledge of an

2

unambiguous deed's material terms." *Cosgrove*, 2015 WL 3976719 at *3. Since the deed at issue in this appeal unambiguously reserved the contested minerals to the Prud'hommes, and since the Bounds Appellants cannot legally reform the deed, this Court should uphold the portion of the trial court's holding that the initial deed is unambiguous, and that it reserved any and all minerals to the Prud'hommes.

## ARGUMENT

**I.     Response to Issue No. 1:  The Warranty Deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law.**

**A.   Summary of Unambiguous Reservation Argument**

On June 26, 2015, the Supreme Court of Texas explained that there is a critical "need for stability and certainty in deed records." *Cosgrove*, 2015 WL 3976719, at *5-*6.  This area of law "requires bright lines and sharp corners." *Id*.  There are strict rules for deed construction in Texas, and the jurisprudence favors courts finding deeds <u>un</u>ambiguous. *See, e.g.*, *Elder v. Anadarko*, No. 12-10-00250, 2011 WL 2713817 at *3 (Tex.App.—Tyler, no pet.) (mem. op.).  The Bounds Appellants ignore these clear mandates and create their own standards as they go, picking and choosing various canons of construction that do not apply.  Under Texas law, it is clear that the trial court correctly held that the initial deed is unambiguous as a matter of law.

3

C.L.1; 1RR26:23-25 to 1RR27:1-4. The initial deed is unambiguous according to: (1) the "four corners" rule; (3) no "magic words" being required to effect a reservation; (3) subsidiary canons of construction; and (4) Texas rules of evidence.

**B.    Standard of Review for Unambiguous Reservation Argument**

Whether a deed is ambiguous is a legal question for the court, as is the construction of an unambiguous deed. Both these legal questions are reviewed de novo. *See Kachina Pipeline Co., Inc. v. Lillis*, No 13-0596, 2015 WL 3653272 (Tex. June 12, 2015) ("Whether a contract is ambiguous is itself a legal question for the court," *citing Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009)); *National Union Fire Ins. Co. of Pittsburgh, PA v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983); *Elder*, 2011 WL 2713817 at *1; *Victory Energy Corp., SmartGas, L.L.C. v. Oz Gas Corp.*, 461 S.W.3d 159, 172 (Tex.App.—El Paso 2014, pet. denied) ("We review questions of deed construction *de novo.")*; *Boulanger ex rel. Westlum Trust v. Waste Mgmt. of Tex., Inc.,* 403 S.W.3d 1, 5 (Tex.App.– Houston [1st Dist.] 2012, pet. denied).

**C. Under Texas rules of construction, the deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law.**

      **1. The deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law under the "four corners" rule.**

In order to determine whether deeds are ambiguous, a court must first attempt to ascertain the parties' intent solely from the "four corners" of the deeds. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). If the deeds can be given a definite legal meaning, then they are not ambiguous. *National Union Fire Ins. Co.*, 907 S.W.2d at 520, *Coker*, 650 S.W.2d at 393; *Elder*, 2011 WL 2713817 at *1. Even if different parts of the deeds appear contradictory, the court must strive to harmonize all of the parts, construing the deeds to give effect to all of their provisions. *Luckel*, 819 S.W.2d at 462. Deeds are not ambiguous simply because the parties disagree over their meaning and advance conflicting interpretations. *Dynegy Midstream Services, Ltd.*, 294 S.W.3d at 168; *Elder*, 2011 WL 2713817 at *1.

The Bounds Appellants attempt to create confusion and ambiguity where none exists. The deeds at issue unambiguously reserved the mineral estate to the Prud'hommes with the following language:

> **Reservations from and Exceptions to Conveyance and Warranty:** TITLE to any of the oil, gas and other minerals, in, under and that may be produced from the above-described real

5

property, together with all rights, privileges and immunities relating thereto, including the following . . .

P.Ex.5.

The paragraph then goes on to enumerate two specific earlier mineral reservations, which would be exceptions to the deed's warranty. P.Ex.5. The use of the term "including" indicates that the following listed earlier mineral reservations are a partial list – i.e., part of the general reservation of the entire mineral estate – and not an exclusive list. *See* Black's Law Dictionary (9th ed. 2009) (definition of "include").

Under the standard paragraph heading "Reservations from and Exceptions to Conveyance and Warranty:" the deeds did the following: First, they *reserved* existing mineral rights to the property in favor of the Prud'hommes. Second, they *excepted* from the conveyance and warranty two prior mineral reservations.

The Bounds Appellants seek to manufacture ambiguity in the deeds by confusing and conflating the terms "reservation" and "exception." But these terms have clear, distinct, and settled meanings under Texas law. A "reservation" is the creation of a new right in favor of the grantor arising out of the conveyance; it must always be in favor of and for the benefit of the grantor. *See Bright v. Johnson*, 302 S.W.3d 483, 488 (Tex. App.—Eastland 2009, no pet. h.) (distinction between reservation and exception is that

reservation must always be in favor of and for benefit of grantor); *see also Little v. Linder*, 651 S.W.2d 895, 900-01 (Tex. App.—Tyler 1983, ref n.r.e.) (attempted reservation in favor of third party is ineffective). A classic example of a reservation is a grantor's retention of all or part of the mineral rights to the property. *See, e.g., Bright*, 302 S.W.3d at 486 (grantor's reservation to himself of royalty interests, mineral rights, and other rights); *Pounds v. Jurgens*, 296 S.W.3d 100, 107 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (reservation of mineral interests by the owner effects horizontal severance and creates two separate and distinct estates – one in surface and one in minerals).

An "exception," by contrast, is typically made for any part of the described property that the grantor does not own. An exception may exclude a particular part of the tract that the grantor or a prior owner sold to a third-party or – as here – a portion of the mineral rights reserved by a previous owner of the property. *See, e.g., Day & Co. v. Texland Petroleum*, 786 S.W. 2d 667, 669-70 (Tex. 1990) (deed excepted fraction of mineral estate previously reserved by prior grantor).

Applying these principles here, the reference to "TITLE to any of the oil, gas and other minerals, in under and that may be produced from the above-described real property" – which directly follows the heading

"Reservations from and Exceptions to Conveyance and Warranty" – could only be a reservation. This is a classic reservation of mineral rights in favor of the grantors. This severs the property rights into a mineral estate (reserved to the Prud'hommes) and a surface estate (conveyed to the Bounds Appellants). The fact that it is made subject to the prior excepted reservations does not and cannot change its character.

## 2. The deeds unambiguously reserved the mineral estate to the Prud'hommes as a matter of law because "magic words" are not required to effect a reservation.

The Bounds Appellants wrongly suggest that the deeds required some sort of "magic words" to effect a reservation of the minerals in favor of the grantors. The Texas Supreme Court has long rejected arbitrary and mechanical rules of construction, such as magic words or clauses.

> We have long since relaxed the strictness of the ancient rules for the construction of deeds, and have established the rule for the construction of deeds as for the construction of all contracts, -that the intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, will be given effect when possible. That intention, when ascertained, prevails over arbitrary rules.

*Harris v. Windsor*, 294 S.W.2d 798, 800 (Tex. 1956) (citations omitted).

*See also Concord Oil Co. v. Pennzoil Exploration and Prod. Co.*, 966 S.W.2d 451, 454 (Tex. 1998) (citing *Luckel*, 819 S.W.2d at 461-62).

Similarly, this Court found deed restrictions unambiguous and rejected the

8

argument that "absence of any specific language" was indicative of the framer's intent. *Nevil v. TFW Management, Inc.*, No. 12-11-00023-CV, 2012 WL 220252, *4 (Tex.App.—Tyler 2012, no pet.) (mem. opinion).

Despite this clear legal authority, the Bounds Appellants insist on "magic words," and argue that the language that their own attorney used to draft the deeds, *which was from a State Bar of Texas form*, was insufficient to create a reservation. *Brief of Appellant*, p. 11. They complain that "the deeds' text is not a complete sentence and contains no verb," and that there is no "affirmative expression." *Brief of Appellant*, p. 13-14. But there is an affirmative expression in the reservations and exceptions clause itself. What could a description of the grantors' mineral estate,[1] typed directly under the heading "Reservations from and Exceptions to Conveyance and Warranty," possibly be, if not a reservation?

If this Court were to adopt the Bounds Appellants' argument, then the State Bar of Texas form deed of that era would be rendered ineffective, and record title would become unsettled, statewide.

---

[1] As distinguished from the subsequent descriptions of prior reservations.

9

### 3. The deeds unambiguously reserved the mineral estate to the Prud'hommes under Texas rules regarding *subsidiary* canons of construction.

The fundamental rules of construction discussed above require courts to ascertain the parties' intent as expressed in the four corners of deeds, to harmonize all parts of deeds, and to construe deeds to give effect to all of their provisions. The Bounds Appellants incorrectly use *subsidiary* canons of construction to argue that this Court should construe the deeds against the Prud'hommes. The Bounds Appellants allege that deeds should be construed: (1) most strongly against the grantor; and (2) to confer upon the grantee the greatest estate that the terms will permit. These canons of construction do not apply here. The Twelfth Court of Appeals has stated that when a deed can be given a definite legal meaning, the following *subsidiary* canons of construction *do not* apply: (1) that a deed's language should be construed against the grantor; and (2) deeds should be read to convey the greatest estate possible to the grantee. *Fisher v. Wynn*, No. 12-11-00008-CV, 2011 WL 3338771, *5-6 (Tex.App.—Tyler 2011, no pet.) (mem. op.). The Court explained, "[b]oth are subordinate to the rule that every part of the deed should be harmonized and given effect." *Id*. at *6.

Subsidiary canons of construction are inapplicable here, because the four corners of the deeds clearly reserve the minerals. But if the Court were

to consider subsidiary canons, such canons also require a ruling in favor of the Prud'hommes. Texas courts construe a writing strictly against the party who drafted it. *Temple-Eastex Inc. v. Addison Bank*, 672 S.W.2d 793, 798 (Tex. 1984). This canon favors the Prud'hommes' interpretation, because the Bounds Appellants' attorney drafted the deeds. 1RR117:12-18; F.F.14.

Notably, the Texarkana Court of Appeals has held that construing a deed strictly against the drafter trumps construing a deed against the grantor. *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 355 (Tex.App.— Texarkana 2000, no pet.). The court explained that "it is not the identity of the grantor, but the drafter, that is important because the law requires that any doubt should be resolved against the scrivener . . . The language will be construed strictly against the party who drafted the deed because the drafter is responsible for the language used." *Id*.

Moreover, the Twelfth Court of Appeals has explained that canons of construction can be applied for "practical" reasons "in order to *avoid* a finding of ambiguity," not to insert ambiguity where none exists. *Elder*, 2011 WL 2713817 at *3 (emphasis in original). The Court uses rules of construction: (1) to avoid "the difficulties inherent in the admission of extrinsic evidence;" (2) to avoid "individual adjudication of deeds" that "would lead to disparate results depending on the circumstances extraneous

11

to the instrument;" and (3) to avoid complicating "the job of title examiners who would be unable to rely on the written word." *Elder*, 2011 WL 2713817 at *3; *see also Boulanger ex rel. Westlum Trust v. Waste Mgmt. of Tex., Inc.,* 403 S.W.3d 1, 4 (Tex.App.–Houston [1st Dist.] 2012, pet. denied) (courts consider "rules of construction to avoid a finding of ambiguity in the deed at issue.")

This Court's practical application (or judicious non-application) of subsidiary canons of construction is in line with the Supreme Court of Texas. In June of this year, the Supreme Court of Texas explained that there is a critical "need for stability and certainty in deed records," and "[t]he virtues of legal certainty and predictability are nowhere more vital than in matters of property ownership, an area of law that requires bright lines and sharp corners." *Cosgrove*, 2015 WL 3976719 at *5-*6; *see also HECI Exploration Co. v. Neal*, 982 S.W.2d 881, 887 (Tex. 1988) (Texas jurisprudence emphasizes the need for stability and certainty when title to real property is at issue); *Wessley Energy Corp. v. Jennings*, 736 S.W.2d 624, 629 (Tex. 1987) ("Established title to an ownership of land should be settled and stable."). Texas jurisprudence requires that any doubt should be resolved in favor of a finding that a deed is unambiguous.

**D. The Bounds Appellants incorrectly apply the surrounding circumstances evidence and parol evidence rules.**

If a court cannot make an ambiguity ruling based on the four corners of deeds, then it may consider evidence of the circumstances surrounding the execution of the deeds simply as an aid in the construction of the deeds' language. *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 731-32 (Tex. 1981). Surrounding circumstances include "the commercial or other setting in which the [deeds] were negotiated and other objectively determinable factors that give a context to the transaction between the parties … [and] ***that inform, rather than vary from or contradict, the [deeds'] text***." *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd*., 352 S.W.3d 462, 468 (Tex. 2011) (internal citations omitted) (emphasis added).

The Bounds Appellants confuse surrounding circumstances evidence with parol evidence. They incorrectly ask this Court to consider the Farm and Ranch Contract and the parties' negotiations in relation to that Contract. CR83-96; F.F.12. But those are not circumstances surrounding the execution of the deeds. They do not inform the text of the deeds. Rather, they ***vary from or contradict, the deeds' text***. The Prud'hommes do not dispute that the Farm and Ranch Contract said that the minerals would convey to the Bounds Appellants, while the deeds said that the minerals *do not* convey. But the deeds control, and the Farm and Ranch Contract may

not be considered here, unless the Court *first* rules, as a matter of law, that the deeds themselves are ambiguous. *National Union Fire Ins. Co. of Pittsburgh, PA v. CBI Industries, Inc*., 907 S.W.2d 517, 520-521 (Tex. 1995); *Friendswood Development Co. v. McDade & Co*., 926 S.W.2d 280 (Tex. 1996); *R & P Enterprises v. LaGuarta, Garvel & Kirk, Inc*., 596 S.W.2d 517, 519 (Tex. 1980); *Fisher v. Wynn*, No. 12-11-00008-CV, 2011 WL 3338771 at *5 (Tex.App.—Tyler 2011, no pet.) (mem. op.).

The parol evidence rule precludes consideration of the Farm and Ranch Contract and the parties' negotiations in relation to that Contract. The Twelfth Court of Appeals explained that "[t]he parol evidence rule is not a rule of evidence, but a rule of substantive law that bars the court from consideration of evidence violative of the rule." *Johnson v. Driver*, 198 S.W.3d 359, 364 (Tex.App.—Tyler 2006, no pet.) (internal citations omitted). The parol evidence rule prohibits consideration and enforcement of prior or contemporaneous agreements. *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd*., 352 S.W.3d 462, 468 (Tex. 2011).

Here, consideration of the circumstances surrounding the execution of the deeds is not necessary, because the deeds are unambiguous on their face. In fact, the Supreme Court of Texas held that consideration of surrounding circumstances evidence is *prohibited* where deeds are so worded that they

14

are not fairly susceptible to more than one legal meaning. *Madeley*, 626 S.W. 2d 726 at 731-32. The Supreme Court of Texas held that an appellate court erred in considering evidence of circumstances surrounding the execution of an agreement because the evidence was not necessary to "aid their construction." *Id*.

If this Court chooses to consider circumstances surrounding execution of the deeds to aid in its construction of the deeds' language, such evidence shows: (1) the Bounds Appellants were represented by an experienced attorney (CR83-96, FF No. 13; P.Ex.27, 31:2-4[2]); (2) they received copies of and had ample opportunity to read the deeds prior to January 1, 2004 (1RR62:3-12); and (3) the Bounds Appellants' attorney drafted the deeds. (1RR117:12-18; F.F.14). Surrounding circumstances evidence is not necessary here; nonetheless, such circumstances would weigh heavily in favor of a ruling that the deeds unambiguously reserved the minerals to the Prud'hommes.

---

[2] Plaintiff's Exhibit 27 is a transcript of Mr. Griffin's deposition, the highlighted portions of which were admitted into evidence at trial.

**II.** **Response to Issue No. 2: There was no "mutual mistake" as a matter of law.**

Consistent with the Rules of Appellate procedure, the Prud'hommes take up the issues in the order briefed by the Bounds Appellants. However, the issue of mutual mistake should not be reached, as the issue is barred by limitations, as set out in Section III, below.

**A. Summary of Mutual Mistake Argument**

At trial, the Bounds Plaintiffs failed to meet their burden to prove mutual mistake. F.F.44; C.L.6. In no uncertain terms, the facts at trial showed that the Bounds Plaintiffs and the Prud'hommes did not have the same mistaken belief or assumption when they executed the deeds. *Id*. On appeal, the Bounds Appellants again fail to meet their burden. They do not show that the evidence establishes, "as a matter of law, all vital facts in support of their mutual mistake assertion." Nor have they shown that the trial court's holding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

**B. Standard of Review under Mutual Mistake Argument**

The Bounds Appellants claim that there was legally insufficient evidence for the trial court's holding that there was no mutual mistake. C.L.6 ("Even if Plaintiffs' cause of action for reformation was not barred by

limitations, Plaintiffs would still not be entitled to reformation, as they did not prove by clear, exact, and satisfactory evidence that the deeds' inclusion of language of mineral reservation was the result of mutual mistake.")

The Twelfth Court of Appeals has explained that "[w]hen the party who had the burden of proof at trial attacks the legal sufficiency of an adverse finding, the party must show that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Glidden Co. v. CDNE, Inc.*, No. 12-09-00283-CV, 2011 WL 686286 at *5 (Tex.App.—Tyler 2011, no pet.) (mem. op.); *see also Santa Fe Petroleum, L.L.C., v. Star Canyon Corp.*, 156 S.W.3d 630, 636 (Tex.App.—Tyler 2004, no pet.). While reviewing a fact finding regarding an ambiguous deed that conflicted with the underlying contract, another appellate court stated that the "finding can be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *GXG, Inc. v. Texacal Oil & Gas*, 977 S.W.2d 403, 417 (Tex.App.—Corpus Christi 1998, pet. denied). Based on this standard of review, the Bounds Appellants' insufficient evidence challenge fails.

## C. Burden of Proof under Mutual Mistake Argument

To establish their deed reformation case, the Bounds Appellants were required to prove:

(1) there was an agreement before the deed was written; and

(2) the deed did not reflect the true agreement of the parties because of a mutual mistake.

*Thalman v. Martin*, 635 S.W.2d 411, 413 (Tex. 1982). They had to prove these elements by "clear, exact and satisfactory evidence." *Hardy v. Bennefield*, 368 S.W.3d 643, 650 (Tex.App.—Tyler 2012 no pet.). This is a "rather stringent requirement … [and] proof that there was an agreement which is at variance with the writing" is not enough. *Id*., *citing Estes v. Republic Nat. Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970). Plaintiffs "must go further and establish the fact that the terms or provisions of the writing which differ from the true agreement made were placed in the instrument by mutual mistake." *Id*. (internal citations omitted).

Mutual mistake is established by the following elements:

(1) a mistake of fact;

(2) ***held mutually by the parties***;

(3) which materially effects the agreed upon exchange.

*Bennefield*, 368 S.W.3d at 651.

The key element is that the mistake must be "held mutually by the parties." *Bennefield*, 368 S.W.3d at 651. Specifically, "[f]or a mutual mistake to exist, there must be the same mistaken belief or assumption in the minds of the grantors and grantees named in the deed … Two separate

18

unilateral mistakes in the minds of the grantors and grantees do not create a factual issue for a mutual mistake cause of action." *Johnson v. Conner*, 260 S.W.3d 575, 582 (Tex.App.—Tyler 2008, no pet.) (affirming trial court's summary judgment ruling because there was "no probative summary judgment evidence" establishing mutual mistake where the parties filed conflicting affidavits as to their differing beliefs about whether mineral rights were to be conveyed).

### D. The trial court correctly held that there was no mutual mistake as a matter of law.

At trial, the Bounds Appellants did not prove mutual mistake. F.F.44; C.L.6. Nor does their Appellant's Brief come close to demonstrating that the evidence establishes, "as a matter of law, all vital facts in support of their mutual mistake assertion." *Glidden Co*, 2011 WL 686286 at \*5; *see also Santa Fe Petroleum, L.L.C., v. Star Canyon Corp.*, 156 S.W.3d 630, 636 (Tex.App.—Tyler 2004, no pet.) Rather, the Bounds Appellants strain to create a mutual mistake where none existed. Their claim that "The mistaken fact was that the deeds complied with the contract and was, therefore, a mutual mistake" is nonsensical. *Brief of Appellant*, p. 21.

The facts show that the Bounds Appellants and the Prud'hommes did not have the same mistaken belief or assumption when they executed the

deeds.  F.F.44.  Mr. Prud'homme believed that although the Prud'hommes agreed to convey the minerals under the Farm and Ranch Contract, the deal changed and that Contract expired.  F.F.19; 1RR113:17-23; 1RR116:19-22. The deeds were not a mistake; they simply reflected the new deal. 1RR118:4-25 - 119:1-6.  He believed the deeds correctly reserved the minerals to the Prud'hommes.  *Id;* F.F.19.

Although the Bounds Appellants' attorney and their son-in-law testified (years after the fact) that they believed that the deeds did not reserve the minerals to the Prud'hommes, each disinterested party who examined the deeds believed the opposite.

John Griffin, the attorney who drew up the deeds for the Bounds Appellants, testified in his deposition (which testimony was admitted into evidence at trial) that the Bounds Appellants' title insurance carrier believed that these same deeds did reserve the minerals, and that he would have provided this information to the Bounds Appellants "at the time it was issued."  P.Ex.27 (Griffin Deposition, 62:23-64:17).  The November 5, 2001 title insurance policy, admitted into evidence at Defendants' Exhibit 24, plainly states that these deeds (identified by Volume and Page) reserved these minerals to the Prud'hommes.  D.Ex.24.

Similarly, the oil company that leased the minerals from the Prud'hommes believed that the deeds reserved the minerals to the Prud'hommes. 1RR93:5-21; 1RR119:18-22; F.F.35; F.F.36.

The Bounds Appellants claim that Mr. Prud'homme's "silence in the face of an apparent mistake in the drafting of the deeds would be justification for reforming the deeds." *Brief of Appellants*, p. 30. This argument ignores Mr. Prud'homme's testimony. Mr. Prud'homme did not believe that there was a mistake in drafting the deeds. He testified that he believed that the original agreement to convey the minerals had changed, and that there was no mistake at all. 1RR113:17-23; 1RR116:19-22; 1RR118:2-25 – 119:1-6; F.F.19. The Bounds Appellants imply that Mr. Prud'homme had a duty to verify the terms of the deeds on their behalf. He did not. The Bounds Appellants were represented by an attorney. CR83-96, FF No. 13; P.Ex.27, 31:2-4. Their attorney drafted the deeds. 1RR117:12-18; F.F.14. As discussed in detail in section III below, it was the Bounds Appellants' duty to read the deeds, to use reasonable diligence, and to make themselves aware.

The trial court correctly held that the Bounds Appellants failed to prove mutual mistake. F.F.44; C.L.6. And on appeal, the Bounds Appellants clearly have not met their burden to show that the evidence

21

establishes, as a matter of law, all vital facts in support their mutual mistake claim. Nor have they shown that the trial court's holding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

## III. Response to Issue No. 3:  The four-year statute of limitations bars the Bounds Appellants' claims as a matter of law.

### A.    Summary of Statute of Limitations Argument

Deed reformation claims are subject to a four-year statute of limitations. *Miles v. Martin*, 321 S.W.2d 62, 69 (Tex. 1959). The Bounds Appellants' claim for deed reformation accrued no later than November 2001, but they waited almost eight years *after the statute of limitations had expired* to sue the Prud'hommes.[3] They ask the Court to ignore plain mineral reservations in the 2001 deeds, and, failing that, they ask the Court to reform the deeds, these many years later. Since the deeds at issue clearly reserve the contested minerals to the Prud'hommes, and since it is far too late to reform them, all of the Bounds Appellants' claims are time-barred as a matter of law.

---

[3] The trial court found that "to the extent Plaintiffs believed that the 2001 deeds should have conveyed the minerals to the Plaintiffs, they were on notice that the 2001 deeds did not do so, or were ambiguous, no later than early November 2001, when the received the title insurance policy." F.F.48. The title insurance policy references the "Mineral Reservation as set forth in" the 2001 deeds. F.F.35-37. Plaintiff Mr. Walter Bounds, *who owns and operates an insurance agency*, reviewed that title insurance policy. F.F.38. The Bounds Plaintiffs filed this lawsuit on October 8, 2013. F.F.49.

**B.** **The purpose of statutes of limitations requires that the Bounds Appellants cannot toll the four-year statue of limitations.**

The purpose of limitations statutes is to "afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by … fading memories … or otherwise." *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990). Limitations statutes are critical, so parties have a fair opportunity to defend "while the evidence is fresh in the minds of the parties and witnesses." *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 734 (Tex. 2001); *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996); *Wylie v. Hide-A-Way Lake Club, Inc.*, No. 12-12-00290-CV, 2013 WL 6797871, *8 (Tex.App.—Tyler 2013, pet. denied) (mem. op.). "It is in society's best interest to grant repose by requiring that disputes be settled or barred within a reasonable time." *Horwood*, 58 S.W.3d at 734; *Wylie*, WL 6797871 at *8.

The purpose of statutes of limitations is highlighted by the testimony in this case. Plaintiff Mr. Walter Bounds' testified that: "… it has been a long time. I do not remember – I don't have a vivid memory of what [the papers my lawyer, Mr. Griffin gave me] were" (1RR43:18-20); "My

23

memory is not perfect on that" (1RR45:1); "You know, I don't remember the dates" (1RR54:20); and "I don't remember exactly what we did." (1RR61:10). Similarly, at the time of trial, Defendant Mr. Gilbert Prud'homme was 80 years old. 1RR108:18-20. If the Bounds Appellants had filed their lawsuit within the time permitted by the statute of limitations, Mr. Prud'homme testified that his memory would have been clearer, and he would have been able to more easily access the various documents that he had moved to his house after he closed his office. 1RR120:14-18; 1RR120:19-25 – 121:1-3.

### C. Burden to prove statute of limitations argument.

The Bounds Appellants did not meet their burden to prove and to secure favorable findings with respect to their argument that limitations should be tolled here. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517-18 (Tex. 1988). ("The party seeking to benefit from the discovery rule bears the burden of proving and securing favorable findings thereon.").

### D. The Bounds Appellants cannot toll the four-year statue of limitations as a matter of law.

#### 1. What is the discovery rule?

The discovery rule is "a very limited exception to statutes of limitation." *BP America Production Co. v. Marshall*, 342 S.W.3d 59, 66

(Tex. 2011); *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 734 (Tex. 2001). It applies only where the injury is "both inherently undiscoverable and objectively verifiable." *Id*. "The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances where it is difficult for the injured party to learn of the negligent act or omission." *Computer Associates International v. Altai*, 918 S.W.2d 453, 456 (Tex. 1994) (citations omitted). As the Supreme Court of Texas explained:

> Inherently undiscoverable does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. Instead, we determine whether an injury is inherently undiscoverable on a categorical basis because such an approach brings predictability and consistency to the jurisprudence.

*Horwood*, 58 S.W.3d at 735 (internal quotations and citations omitted); *see also S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996) ("An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence.")

### 2. The discovery rule does not apply to unambiguous deeds under Texas law.

The discovery rule does not apply to cases in which there is an unambiguous deed, because in the case of an unambiguous deed, the parties are charged with "constructive knowledge" of that deed. *See Cosgrove,*

25

2015 WL 3976719 at *3 ("A plainly evident omission on an unambiguous deed's face is not a type of injury for which the discovery rule is available . . . . At execution, the grantor is charged with immediate knowledge of an unambiguous deed's material terms."); *see also Stowe v. Head*, 728 S.W. 2d 120, 126 (Tex.App.—Tyler 1987, no writ); *see also Tipton v. Brock*, 431 S.W.3d 673 (Tex.App.—El Paso 2014, pet. denied June 26, 2015) (A warranty deed which clearly describes a reservation of mineral rights in contravention of the grantor's intent is not the type of inherently undiscoverable injury contemplated by the discovery rule.); s*ee also Barfield v. V.C. Holland*, 844 S.W.2d 759, 770 (Tex.App.—Tyler 1993, writ denied) (plaintiff was charged with "constructive notice" of the terms in the deed because the deed was an essential link in plaintiff's chain of title; plaintiff had a duty of "inquiry" and to "examine the public records…not to rely on representations made by the grantors of the deeds."); *see also Trahan v. Mettlen*, 428 S.W.3d 905 (Tex.App.—Texarkana 2014, no pet.).

The Bounds Appellants misstate the law. They complain that they "lacked actual knowledge," and should therefore be permitted to circumvent the four-year statute of limitations. *Brief of Appellant*, p.36. Whether the Bounds Appellants had actual knowledge is irrelevant. They cannot toll the statute of limitations, because the deeds are unambiguous as a matter of law.

26

They are therefore charged with constructive knowledge of those deeds no later than November 2001. F.F.47-48. The question is not whether the Bounds Appellants used reasonable diligence (they did not (F.F.46)) or when they actually detected the alleged mistake in the deeds, but "whether theirs is the *type of injury* that generally is discoverable by the exercise of reasonable diligence." *Horwood,* 58 S.W.3d at 735 (emphasis added).

Recent Supreme Court of Texas cases have held that an alleged mistake in an unambiguous deed is not the type of injury contemplated by the discovery rule. *Cosgrove v. Cade*, 2015 WL 3976719 at *1; *Hooks v. Samson Lone Star, Ltd. Partnership*, No. 12-0920, 2015 WL 393380 at *4 (Tex., January 30, 2015). Even if, as the Bounds Appellants allege, the mineral reservation was included in the deeds as a result of mistake, accident or scrivener's error, the Bounds Appellants' cause of action is still barred as a matter of law. They are presumed to have discovered the mistake on the date the deeds were executed, or at the very least, on the date that they received the title insurance policy (November 2001). F.F.47; F.F.48; *see also Stowe*, 728 S.W.2d at 26.

The Bounds Appellants' reliance on *Brown v. Havard*, 593 S.W.2d 939, 943-44 (Tex. 1980), and *Sullivan v. Barnett*, 471 S.W.2d 39, 45 (Tex. 1971) is misplaced. More recent Supreme Court of Texas cases have

clarified the rules pertaining to unambiguous deeds and held that the discovery rule does not apply in such cases. Moreover, *Brown* and *Sullivan* make clear that the discovery rule may be invoked only *after* the party rebuts the presumption of immediate notice. *See Brown*, 593 S.W.2d at 944 ("[O]nce the presumption of immediate knowledge is rebutted, the statute of limitation will commence to run when the mutual mistake was, or in the exercise of reasonable diligence should have been, discovered." (quoting *Sullivan*, 471 S.W.2d at 45)). Here, the recording of the deeds created an irrebuttable presumption that the Bounds Appellants were on notice of the mineral reservation in the deeds. Since the Bounds Appellants cannot rebut this presumption of notice, they cannot invoke the discovery rule.

*Brown* is further distinguishable factually. It turned on the question of when the alleged mistake in the deed should have been discovered. *Brown*, 592 S.W.2d at 944. The mineral reservation in *Brown* was complicated. Unlike the straightforward clause at issue here, the *Brown* clause was a multiple-fraction clause in which the issue was not simply whether minerals were reserved, but in what percentage (or percentage of prior percentage). While the it may not have been reasonable to expect someone to be able to look at the reservation in *Brown* and appreciate that it might be different from what one expected, that is not the case here. There is simply no

28

competent evidence, at all, to suggest that the Bounds Appellants should not have been on notice of what was plainly stated in their deeds, as highlighted by their title insurance policy.[4]  D.Ex. 24; F.F. 47; F.F.48.

### 3. Mr. Prud'homme's alleged silence is irrelevant to the discovery rule's application.

The Bounds Appellants' allegations that the Prud'hommes "permit[ed] them to believe that the original offer to convey their minerals had not ben withdrawn or superseded" and "that the Prud'hommes remained silent about their assumptions and did not apprise the Bounds of their claims" are immaterial.  *Brief of Appellant*, pp. 35, 39.  Even if these allegations were true, they form no basis whatsoever for the Bounds Appellants to avoid the statute of limitations.  As this Court has explained:

> Land titles are governed by notice imparted by the deeds in the chain of title, duly recorded in the public records of the county where the land is situated, and not by personal representations, warranties, reliance, and estoppel.

*Barfield v. V.C. Holland*, 844 S.W.2d 759, 770 (Tex.App.—Tyler 1993, writ denied).

---

[4] Mr. Bounds testified that he would have been "incapable of understanding" the plain language in the title insurance policy, which references a mineral reservation in the deeds before this Court.  1RR67:11-69:18.  Given that he, as an insurance broker, reads insurance policies and advises clients as to their contents for a living, the evidence supports the Court's implicit finding that this testimony should be given little, if any, weight.

The Supreme Court of Texas agrees. In January 2015, the Court explained that the discovery rule does not apply when there is constructive notice, or when information is "readily accessible and publicly available." *Hooks v. Samson Lone Star, Ltd. Partnership*, No. 12-0920, 2015 WL 393380 at *4 (Tex., January 30, 2015). In *Hooks*, The Supreme Court of Texas discussed two of its relevant decisions: *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 928 (Tex. 2011) (rejecting tolling and stating: "Reasonable diligence requires that owners of property interests make themselves aware of relevant information available in the public record."); and *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011). In *Marshall*, despite the fact that BP fraudulently concealed facts, the Supreme Court of Texas held that the discovery rule did not apply because an expert could have discovered information showing injury if he had gone to the Railroad Commission and reviewed well logs and a plugging report. *Marshall*, 342 S.W.3d at 66-77. If that fraudulently concealed injury was not inherently undiscoverable, then the Bounds Appellants' alleged injury in this case clearly was not, and the discovery rule does not apply as a matter of law.

## IV. Even if the Bounds Appellants were right, which they are not, they request the wrong relief.

Finally, in their Conclusion and Prayer, the Bounds Appellants request that this Court modify the trial court's Judgment to award to them "title and possession of an undivided fifty percent, (50%), of the oil, gas, and other minerals situated in, on or under the real property described in the trial court's judgment." *Brief of Appellants*, p. 41. Even if the Bounds Appellants were entitled to relief (which they are not, for the reasons set out above), they would not be entitled to 50% of the minerals; they would be entitled to 25%.

In 1971, E.G. and M.A. Prud'homme, the parents of the Prud'hommes involved in this case, conveyed the property at issue in this case to a Texas general partnership called the E.G. and M.A. Prud'homme Beneficiaries Partnership. P.Ex.3; 1RR108:21-110:8; FF 1-5. At the time of this conveyance, E.G. and M.A. Prud'homme only owned 50% of the mineral estate in and to this property. FF 1; P.Ex.5 (set out in exception (i.)).

The 1971 conveyance to the E.G. and M.A. Prud'homme Beneficiaries Partnership reserved to E.G. and M.A. Prud'homme one-half of any and all minerals that they owned at the time. P.Ex.3. Accordingly,

that conveyance only conveyed to the Partnership 25% of the total mineral estate.

When E.G. and M.A. Prud'homme died, the 25% of these minerals which they had reserved and owned passed not to the Partnership, but to a separate trust. 1RR110:16-111:24; P.Ex. 16; P.Ex. 17.

The initial deed, which is the subject of the Bounds appeal, specifically excepts from its grant the 25% of the mineral estate reserved to E.G. and M.A. Prud'homme in 1971. P.Ex.5. This is the exception enumerated with the roman numeral ii. *Id.* This exception is plainly consistent even with the Bounds' alleged reformation evidence, as the real estate contract relied upon by the Bounds is plainly between only the Partnership and the Bounds. P.Ex.21; 1RR113:7-9.

Since the partnership only ever owned 25% of the mineral estate, even if the Bounds Appellants are successful here, they could only be awarded title and possession of an undivided 25% of the minerals, not the undivided 50% set out in their Prayer.

### **PRAYER**

The Prud'hommes respectfully request that the Court of Appeals affirm the portion of the trial court's judgment that pertains to the initial deed (Plaintiff's Exhibit 5), and render judgment that the initial deed is

32

unambiguous, and that it reserved any and all minerals to its grantors, the Prud'hommes.

Further, as set out in their brief as cross-Appellants, the Prud'hommes respectfully request that the Court of Appeals reverse that portion of the trial court's judgment that deals with the five subsequent deeds (Plaintiff's Exhibits 6, 7, 8, 8A, and 9), and render judgment that those deeds were unambiguous, and that they reserved any and all minerals to their grantors, the Prud'hommes.

Respectfully submitted,

OSBORN, GRIFFITH & HARGROVE
Robert G. Hargrove, SBN 24032391
515 Congress Avenue, Suite 2450
Austin, Texas 78701
(512) 476-3529
(512) 476-8310 Facsimile
rob@texasenergylaw.com

By:   /s/ Robert G. Hargrove
       Robert G. Hargrove

**ATTORNEYS FOR PRUD'HOMME
DEFENDANTS/APPELLEES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on the following persons through the electronic filing and service system on this the 22nd day of October, 2015.

Thomas R. McLeroy Jr.
SBN 13766800
P.O. Box 668
Center, Texas 75935
**ATTORNEY FOR APPELLANTS AND CROSS-APPELLEES**

By:   /s/ Robert G. Hargrove
          Robert G. Hargrove

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing instrument was prepared using Microsoft Word for Mac 2011, and that, according to its word-count function, the sections of the foregoing pleading covered by TRAP 9.4(i)(1) contain 7,091 words.

By:   /s/ Robert G. Hargrove
          Robert G. Hargrove